Justice PLEICONES, concurring.
 

 I concur with the majority's decision to affirm the Court of Appeals' opinion upholding petitioner's conviction and sentence. I write separately to emphasize the standard under which petitioner's fair trial claim should be analyzed. Further, although I find the trial judge did not abuse his discretion in denying petitioner's motion for a speedy trial, I concur with the majority's opinion in result only.
 

 In South Carolina, to establish deprivation of a fair trial due to the destruction or loss of evidence, a defendant must show: (1) the State destroyed the evidence in bad faith; or (2) the evidence possessed an exculpatory value apparent before the evidence was destroyed, and the defendant cannot obtain other evidence of comparable value by other means.
 
 State v. Cheeseboro,
 

 346 S.C. 526
 
 , 538-39,
 
 552 S.E.2d 300
 
 , 307 (2001). While I understand the majority's exclusive reliance on
 
 Arizona v. Youngblood,
 

 488 U.S. 51
 
 ,
 
 109 S.Ct. 333
 
 ,
 
 102 L.Ed.2d 281
 
 (1988), is likely due to petitioner's failure to preserve for appellate review his argument under the second prong of
 
 Cheeseboro,
 
 in my view, it is worth noting that the analysis in
 South Carolina is more expansive than
 
 Youngblood,
 
 and includes a second prong as articulated in
 
 Cheeseboro.
 

 I concur in the majority's decision to affirm the Court of Appeals.